IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
                                                                                  :

UNITED STATES OF AMERICA      :          3:13 CV 591 (JBA)
                                               :
V.                                              :
                                               :
THOMAS BONADIO ET AL.         :          DATE: JULY 17, 2014
                                               :
------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO STRIKE

      On April 25, 2013, plaintiff United States of America commenced this action under 26 U.S.C. §§ 7401 and 7403, to enforce its federal tax liens on property in Danbury, Connecticut owned by defendant Thomas Bonadio ["defendant"],[1] with respect to outstanding taxes, plus interest and penalties, for the calendar years 1999, 2000, 2001 and 2003, totaling $318,206.36.  (Dkt. #1).[2]  On May 31, 2013, defendant filed his Answer, with affirmative defenses.  (Dkt. #16).  Under the latest scheduling orders issued by U.S. District Judge Janet Bond Arterton, all discovery was to be completed by January 2, 2014 and all dispositive motions were to be filed by March 7, 2014.  (Dkts. ##23-24, 27).  In the Joint Status Report, filed January 7, 2014, defendant indicated that he "intend[s] to file responses in opposition

---

[1]Elizabeth Bonadio and two lien holders are also named as defendants.

[2]According to ¶ 7 of the complaint, the breakdown is as follows:

| Tax Year | Unpaid Assessed Amount | Balance Due |
|---|---|---|
| 1999 | $82,924.78 | $192,510.05 |
| 2000 | $52,510.66 | $90,313.16 |
| 2001 | $9,308.47 | $16,802.08 |
| 2003 | $10,397.46 | $18,581.07 |
| TOTALS | $155,141.37 | $318,206.36 |

to plaintiff's proposed motion for summary judgment as [he] believe[s] there are material facts in dispute with regard to the correct tax figures on which the federal tax liens are based." (Dkt. #25, at 1).

On March 7, 2014, plaintiff filed a comprehensive Motion for Summary Judgment, and brief in support, with fourteen exhibits, all copies of various federal tax forms. (Dkt. #28). Twenty days later, defendant filed his brief in opposition, in which he argues that the IRS's assessments for the tax years 1999, 2000 and 2001 are not correct. (Dkt. #29, at 6-7). Ten exhibits were attached to defendant's brief: copies of decisions by the Tax Court and Board of Tax Appeals (Exhs. A-B); affidavit of defendant Thomas Bonadio, sworn to March 25, 2014 (Exh. C)["Bonadio Aff't"]; copies of defendant's Profit and Loss Statement for tax years 1999, 2000 and 2001 (Exhs. D-F); redacted copies of defendant's Form 1040 for tax years 1999, 2000 and 2001 (Exhs. G-I); and affidavit of David C. Migani, CPA, sworn to March 26, 2014 (Exh. J)["Migani Aff't"].[3]

On April 10, 2014, plaintiff filed the pending Motion to Strike and brief in support (Dkt. #30),[4] in which it seeks to strike defendant's brief in opposition, in whole or in part, as well as to strike the last eight exhibits, and to impose sanctions upon him. (Dkt. #30, at 1-2; Brief at 4-11). Eight days later, defendant filed his brief in opposition (Dkt. #32), as to which

---

[3]In his affidavit, Migani swears that based upon his review of Exhs. D-I, defendant's tax liability for 1999 was $40,948 (as opposed to $74,665), for 2000 was $1,513 (as opposed to $30,893), and for 2001 was $0 (as opposed to $8,486).

Plaintiff has been granted an extension of ten days after this ruling is filed in order to file its reply brief. (Dkts. ##31, 34).

[4]The following four exhibits were attached: copy of Plaintiff's First Request for the Production of Documents, served September 25, 2013; Defendant's Response, dated November 25, 2013, with copies of the Profit and Loss Statements attached; copy of correspondence between counsel, dated December 9, 2013; and copy of Defendant's Rule 26(a)(1) Pre-Discovery Disclosures, dated July 24, 2013.

plaintiff filed its reply brief one week later.  (Dkt. #33).   On June 27, 2014, Judge Arterton referred the pending motion to this Magistrate Judge.  (Dkt. #35).

In its brief, plaintiff argues that sanctions are warranted for defendant's failure to supplement his initial disclosures and discovery requests, in that the documents attached to his brief in opposition and the information in the Bonadio and Migani Affidavits had not been disclosed before (Dkt. #30, Brief at 4-7); that the Bonadio Affidavit should be stricken as defendant had not raised the duress defense before, as required by FED. R. CIV. P. 8(c)(1) (id. at 7-8); and that the identity of Migani, who is defendant's expert, was never previously disclosed to plaintiff, and that there "must be" additional documents responsive to plaintiff's request for documents beyond the nine hundred previously provided.  (Id. at 8-9).

In his brief in opposition, defendant argues that the "drastic remedy" sought by plaintiff is unwarranted, and instead suggests that the Court reopen discovery.  (Dkt. #32, at 2-5, 8)(emphasis omitted).  With respect to the six documents, defendant contends that these documents "did not exist" during the discovery period and thus could not have been provided to plaintiff.  (Id. at 5-6).  As to the Bonadio Affidavit, defendant argues that he is not raising duress as an affirmative defense as to the validity of the assessments, but rather as his reason for signing Form 4549.  (Id. at 6-7).  And as to the Migani Affidavit, defendant argues that CPA Migani could not reach his opinion until he reviewed the six newly disclosed documents.  (Id. at 7).

In its reply brief, plaintiff argues that defendant is attempting to "sandbag[]" plaintiff by his "multiple violations of Rule 26(a) and (e)[,]" that defense counsel clearly knew about the existence of these documents, which "suggests that [they] acted in bad faith by delaying . . . disclosure[,]" and that the last eight exhibits should be stricken.  (Dkt. #33, at 1-5).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a

3

witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, <u>unless the failure was substantially justified or is harmless</u>." (emphasis added).  The rule further provides that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure[,]" as well as "may impose other appropriate sanctions . . . . " FED. R. CIV. P. 37(c)(1)(A) & (C).

As Judge Arterton ruled five years ago, "The Court has 'wide discretion' to determine whether, how, and how severely to sanction an offending party[,]" <u>Rogers v. Apicella</u>, 606 F. Supp. 2d 272, 283 (D. Conn. 2009)(multiple citations omitted), particularly because "[t]he purpose of [Rule 37(c)] is to prevent the practice of 'sandbagging' an adversary with new evidence." <u>Ventra v. United States</u>, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)(citation omitted).  As the district court recognized in <u>Ventra</u>, however: "Despite the language in the rule that would imply automatic preclusion of the evidence, courts recognize that preclusion is a drastic remedy and therefore exercise discretion and caution." <u>Id.</u> (citations omitted). In deciding whether evidence ought to be precluded under Rule 37(c), the Second Circuit and the district courts within it have considered the following four factors:

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

<u>Patterson v. Balsamico</u>, 440 F.3d 104, 117 (2d Cir. 2006), <u>quoting Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.</u>, 118 F.3d 955, 961 (2d Cir. 1997), <u>cert. denied</u>, 523 U.S. 1020 (1998).  <u>See also Matheson v. Kitchen</u>, 515 F. App'x 21, 23 (2d Cir. 2013); <u>Powerweb Energy, Inc. v. Hubbell Lighting, Inc.</u>, No. 12 CV 220 (WWE/HBF), 2014 WL 1572746, at \*4

(D. Conn. Apr. 17, 2014); Liberty Mut. Fire Ins. Co. v. Omega Flex, Inc., No 13 CV 203 (WWE/HBF), 2013 WL 6047203, at *2 (D. Conn. Nov. 14, 2013); Barnett v. CT Light & Power Co., No. 11 CV 1037 (VLB), 2013 WL 1196669, at *1-2 (D. Conn. Mar. 25, 2013). As U.S. Magistrate Judge Holly B. Fitzsimmons pointed out three months ago, "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." Powerweb, 2014 WL 1572746, at *4 (citations & internal quotations omitted). See also Liberty Mut. Fire Ins. Co., 2013 WL 6047203, at *2 (citations & internal quotations omitted).

Plaintiff is quite correct that it will suffer prejudice if this new evidence is permitted, without plaintiff having had a prior opportunity to analyze or oppose it, this would be, in plaintiff's words, "classic sandbagging." Plaintiff is also correct that defendant's explanation of why the six documents and the two affidavits were not prepared prior to the close of discovery on January 2, 2014, and hence timely provided to plaintiff, is sketchy, at best. On the other hand, the six documents and two affidavits clearly are "importan[t]" to defendant, for without them, defendant essentially has no defense to the pending dispositive motion. And, as defendant has pointed out, the last factor is whether there is "the possibility of a continuance[,]" which does exist here.

In applying the Court's "'wide discretion' to determine . . . how severely to sanction an offending party[,]" Rogers, 606 F. Supp. 2d at 283 (citations omitted), plaintiff's Motion to Strike (Dkt. #30) is denied to the extent that it seeks to have defendant's brief and the last eight exhibits stricken. However, consistent with Rule 37(c)(1)(A) & (C), discovery is reopened in limited part so that plaintiff may depose both defendant and Migani, **on or**

5

**before August 29, 2014**.[5] All expenses of these depositions shall be borne by defendant. Plaintiff's reply brief may be filed **on or before September 30, 2014.** In addition, plaintiff's counsel may file a Motion for Attorney's Fees and Costs, for expenses associated with its Motion to Strike and brief in support, its reply brief here, and its reply brief to the summary judgment motion. (Dkts. ##30 & 33). See also Barnett, 2013 WL 1196669, at *2 (permitting defendants to move to reopen expert discovery to redepose one of plaintiff's expert witnesses and further permitting defendants to move for attorney's fees and costs).

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

This ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 17th day of July, 2014.

         /s/ Joan G. Margolis, USMJ
        Joan Glazer Margolis
        United States Magistrate Judge

---

[5]If the summer vacation plans of these witnesses and of counsel do not permit this schedule, counsel shall promptly notify the Magistrate Judge in writing, with a proposed alternative schedule.